MI PUEBLO FOODS, Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent

Teamsters Local 853, Intervenor.

Nos. 11–1074, 11–1100.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 27, 2011.

Patrick W. Jordan, Esquire, Nanette Joslyn, Jordan Law Group, San Rafael, CA, for Petitioner.

Linda Dreeben, Robert J. Englehart, Christopher W. Young, National Labor Relations Board, Washington, DC, for Respondent.

Teague Pryde Paterson, Susan K. Garea, Beeson, Tayer & Bodine, Oakland, CA, for Intervenor.

Before: SENTELLE, Chief Judge, TATEL and BROWN, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This petition was considered on the record from the National Labor Relations Board ("Board") and the briefs submitted by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has

**2**

accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review is denied and the cross-application for enforcement is granted.

Petitioner Mi Pueblo Foods seeks review of a Board determination that the drivers at Mi Pueblo's warehouse constitute an appropriate unit for collective bargaining. *MI PUEBLO FOODS AND INT'L BHD. OF TEAMSTERS LOCAL 853,* 356 NLRB No. 107 (Mar. 4, 2011) ("*Order*"). The Board files for cross-application for enforcement of its Order. We deny the petition and grant the cross-application for enforcement.

Petitioner raises three challenges to the Order: First, Mi Pueblo argues that the Board's conclusion that a bargaining unit of warehouse drivers is not supported by substantial evidence and that a unit consisting of drivers, warehouse employees, and clerical employees at the warehouse is the smallest appropriate unit. Second, Mi Pueblo argues that a unit of just drivers should not have included drivers holding only Class B and Class C drivers' licenses, because those drivers perform other warehouse duties along with driving. Finally, Mi Pueblo asserts that the Board's Regional Director violated section 9(c)(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(c)(5), by giving controlling weight to the union's preferences and the extent to which the union had already organized.

None of Petitioner's arguments is persuasive. The Board "need only select *an* appropriate unit, not *the most* appropriate unit." *Cleveland Const., Inc. v. NLRB,* 44 F.3d 1010, 1013 (D.C.Cir.1995) (emphasis added). An appropriate bargaining unit exists if there is a "separate community of interest" that is not "so integrated" with the other workers that "they have lost their separate identity." *PUBLIX SUPERMARKETS, INC.,* 343 NLRB 1023, 1024, 1029 (2004). The Court will uphold a bargaining-unit determination so long as the Board's conclusions are "consistent with its precedent" and its factual findings are "supported by substantial evidence." *RC Aluminum Indus. v. NLRB,* 326 F.3d 235, 240 (D.C.Cir.2003).

█ Here, the Regional Director's determination that the drivers at Mi Pueblo share a separate community of interest from other warehouse workers is supported by substantial evidence in the record. Drivers spend most of their time away from the warehouse and generally spend their breaks away from other employees; they are uniquely subject to licensing, inspection, and driver-safety procedures; they earn higher wages; they are supervised separately from other employees; and they perform duties no other warehouse workers perform. Whether a unit consisting of all warehouse employees would also be appropriate is immaterial because the certified unit is supported by substantial evidence in the record.

█ The Board's decision to include Class B and Class C drivers in the bargaining unit with the Class A drivers—also contested by Petitioner—is supported by the record as well. The Board weighed the community-of-interest factors together and found that, as dual-function employees, the Class B and Class C drivers could be appropriately grouped with the Class A drivers in a single bargaining unit. Board precedent supports inclusion of dual-function employees if their wages, hours, and conditions of employment are similar to those in the bargaining unit. *See Medlar Electric, Inc.,* 337 NLRB 796 (2002); *HAROLD J. BECKER CO.,* 343 NLRB 51, 51 (2004). That is the case here for the Class

B and Class C drivers, who work under similar conditions, have similar responsibilities, and thus have similar interests to the other drivers.

Lastly, Petitioner fails to point the Court to evidence supporting its claim that the Regional Director violated the NLRA by giving controlling weight to the union's preferences and previous extent of organizing. While Petitioner suggests that the inclusion of Class B and Class C drivers is evidence of a bias on the part of the Regional Director, the inclusion of those dual-function employees is supported by substantial evidence and therefore does not support a showing of bias.

We find that the Board's decision to include all warehouse drivers in a single bargaining group is supported by substantial evidence in the record and by Board precedent. The petition for review is therefore denied. The Board's cross-application for enforcement of its Order is granted.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.